**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4581

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUAJOHN ANTHONY CREWS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:23-cr-00009-FL-1)

Submitted:  May 21, 2024                                    Decided:  May 23, 2024

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quajohn Anthony Crews appeals his conviction and the 96-month sentence imposed after he pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but suggesting that the district court plainly erred when it imposed a warrantless search condition to Crews' three-year supervised release term. Crews has not filed a pro se supplemental brief, despite receiving notice of his right to do so.  The Government moves to dismiss the appeal based on the appellate waiver in Crews' plea agreement.  As explained below, we dismiss in part and affirm in part.

We first conclude that Crews has waived his right to appeal his conviction and sentence.  A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742.  *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).  This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof.  *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver.  *Id.* at 169.  "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms."  *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate

2

rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Crews knowingly and voluntarily entered his guilty plea and understood the waiver.

We further conclude that Crews' challenge to the warrantless search condition of his supervised release falls within the scope of the waiver. According to the plea agreement, Crews waived his right to appeal his "conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742," save for exceptions inapplicable here. *United States v. Crews*, No. 7:23-cr-00009-FL-1 (E.D.N.C., PACER No. 34 at 1). As we have explained, "custodial and supervised release terms [are] components of one unified sentence." *United States v. Venable*, 943 F.3d 187, 193-94 (4th Cir. 2019); *see* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."). Accordingly, we conclude that the waiver bars appellate review of the reasonableness of the term of supervised release, as well as the special conditions imposed. *See United States v. Thornsbury*, 670 F.3d 532, 538-39 (4th Cir. 2012) (enforcing appellate waiver because it "explicitly covers appeals based on 'any ground set forth in . . . § 3742,'" which includes "appeals challenging a sentence as 'imposed in violation of law'").

We therefore grant the Government's motion to dismiss, in part, and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Crews' plea agreement. In accordance with our obligations under *Anders*, we have reviewed the entire

3

record for any potentially meritorious issues that do not fall within the scope of the appellate waiver and have found none. Accordingly, we deny the Government's motion, in part, as to any issues falling within the scope of the appeal waiver and affirm the criminal judgment in part.

This court requires that counsel inform Crews, in writing, of his right to petition the Supreme Court of the United States for further review. If Crews requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crews. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*